## State of Vermont v. Whitingham School Board, Wayne Stacey, Principal and Clarence G. Truesdell, Superintendent

[438 A.2d 394]

No. 12-81

Present: Barney, C.J., Billings and Hill, JJ., and Daley and Larrow, JJ. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

406

*John J. Easton, Jr.*, Attorney General, and *Denise R. Johnson* and *Sarah E. Stahl*, Assistant Attorneys General, Montpelier, for Plaintiff.

*John S. Burgess,* Brattleboro, for Defendants.

**Hill, J.** This case concerns the availability of attorney's fees for prevailing defendants under the Vermont Fair Employment Practices Act, 21 V.S.A. §§ 495–496. The Whitingham School Board appeals from the Windham Superior Court's decision denying its motion for attorney's fees. We affirm.

This litigation originated in 1976 when the State filed a sex discrimination complaint against the Whitingham School Board and various individual defendants. The State alleged that the defendants had discriminated on the basis of sex against a teaching applicant in violation of 21 V.S.A. § 495. The trial court entered judgment for the plaintiff, but, on appeal, this Court reversed and remanded. *State* v. *Whitingham School Board,* 138 Vt. 15, 22, 410 A.2d 996, 1000 (1979). The case was retried, and on July 24, 1980, the superior court entered judgment in favor of the defendants. The order provided that "the action is dismissed on the merits, and that the defendants recover of the plaintiffs their costs of action." The State did not appeal from that judgment. On November 20, 1980, the defendants filed a motion for attorney's fees, which was denied by the superior court on December 7, 1980, and they now appeal from that judgment.

Vermont follows the "American" rule on litigation expenses, which requires each party to bear his general litigation expenses. *Albright* v. *Fish,* 138 Vt. 585, 590–91, 422 A.2d 250, 254 (1980); *Loeb* v. *Loeb,* 120 Vt. 489, 496, 144 A.2d 825, 830 (1958). The defendants do not challenge this rule, but argue that the Fair Employment Practices Act authorizes attorney's fees in this case.

The Fair Employment Practices Act prohibits employers from discriminating on the basis of sex, 21 V.S.A. § 495, and authorizes enforcement by the attorney general. 21 V.S.A. § 495b. Like its federal counterpart, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (1976 & Supp. III 1979), the statute authorizes an award of attorney's fees under some circumstances:

> The superior courts are authorized to impose the same civil penalties and investigation costs and to order other relief to the state of Vermont or an aggrieved employee

for violations of this subchapter as they are authorized to impose or order under the provisions of sections 2458 and 2461 of Title 9 in an unfair act in commerce.

21 V.S.A. § 495b(a).

The incorporated sections of the Consumer Fraud Act contain two attorney's fees provisions. Section 2458 of Title 9 provides that superior courts may issue "an order requiring reimbursement to the state of Vermont for the reasonable value of its services and its expenses in investigating and prosecuting the action." Subsection (b) of section 2461 authorizes attorney's fees for individual plaintiffs: "Any consumer . . . may sue and recover . . . reasonable attorney's fees . . . ."

■ Neither provision of Title 9 authorizes attorney's fees to a prevailing defendant. Nevertheless, the defendants argue that they are entitled to attorney's fees because of the following language in 21 V.S.A. § 495b(a):

Any employer, employment agency or labor organization complained against shall have the same rights and remedies as specified [in sections 2459–2461 of Title 9].

The defendants urge us to interpret this language as granting employers the identical opportunity for attorney's fees afforded plaintiffs and the State.

■ The construction proferred by the defendants runs counter to the plain meaning of the statute, and must therefore be rejected. See, e.g., *Foster* v. *Department of Social Welfare*, 135 Vt. 376, 378, 376 A.2d 741, 743 (1977). Attorney's fees are expressly authorized for plaintiffs and the State, but the statute does not mention an award for defendants. The omission of employers supports the inference that the legislature intended to exclude them from attorney's fees. See 2A C. Sands, Statutes and Statutory Construction § 47.23 (1973) (rev. 4th ed. of Sutherland Statutory Construction) (doctrine of *expressio unius est exclusio alterius*). See also *Grenafege* v. *Department of Employment Security*, 134 Vt. 288, 290, 357 A.2d 118, 120 (1976). Moreover, the limitation of attorney's fees to plaintiffs and the State furthers the policy of the Fair Employment Practices Act, which is "to

prevent or correct the use of gender in employment decisions where it is not a bona fide occupational qualification." *State* v. *Whitingham School Board, supra,* 138 Vt. at 21, 410 A.2d at 1000. The distinction between plaintiffs and defendants encourages suits to vindicate civil rights, and penalizes those who violate the law. See *Christiansburg Garment Co.* v. *EEOC,* 434 U.S. 412, 418–19 (1978). In the light of this evidence, the "same rights and remedies" language of the act cannot be enlarged to encompass attorney's fees.[1]

The defendants also argue that an award of attorney's fees would be appropriate in light of federal civil rights laws which we have previously relied upon in our interpretation of the Fair Employment Practices Act. See *State* v. *Whitingham School Board, supra,* 138 Vt. at 18, 410 A.2d at 998. The federal authority, however, does not support the defendants' position. Under Title VII, an award of attorney's fees is available to "the prevailing party." See 42 U.S.C. § 2000e-5(k). Thus, the federal statute is not limited by the status of civil rights parties; rather, it focuses upon their success in litigation. Nevertheless, the United States Supreme Court has held that a prevailing defendant is entitled to attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co.* v. *EEOC, supra,* 434 U.S. at 421. The Board has not alleged that the action was "frivolous" or "unreasonable." Indeed, it would be hard pressed to support such an allegation, as the defendants did not prevail until after an initial setback in the trial court. Federal law clearly does not support an award of attorney's fees in this case.

Finally, it should be noted that the form of the July 24 judgment order, which purported to award costs to the defendants, does not affect the outcome of this case. Attorney's fees are a litigation expense, not a "cost" within the meaning of V.R.C.P. 54, V.R.A.P. 39, or 32 V.S.A. § 1471.

---

[1] The "rights and remedies" referred to in 9 V.S.A. §§ 2458–2461 include the right to a jury trial under certain circumstances and the state's option of accepting an "assurance of discontinuance" from the violator in lieu of a court action.

410

See 10 C. Wright & A. Miller, Federal Practice & Procedure § 2675, at 179–80 (1973). Cf. *Roadway Express, Inc.* v. *Piper*, 447 U.S. 752, 759–63 (1980) (construing "costs" in 28 U.S.C. § 1927 as not including attorney's fees).

*Judgment affirmed.*