2012 VT 38

**Leonard C. KNAPPMILLER v. Joseph BOVE, Carolyn J. Bove and Vaillancourt Tree-Landscape Service, Inc.**

[48 A.3d 607]

No. 11-326

¶ 1. May 16, 2012. Defendant Vaillancourt Tree-Landscape Service appeals a trial court decision denying its post-trial motion for attorney's fees and costs under a theory of implied indemnification. The issue on appeal is whether indemnity for attorney's fees is appropriate where a jury has found the putative indemnitor not liable in the underlying suit. We affirm.

¶ 2. Plaintiff Leonard Knappmiller owns a commercial property directly abutting a property owned by defendants Joseph and Carolyn Bove. This case grew from a dispute between Knappmiller and the Boves regarding the Boves' decision to cut down and remove a row of white cedar trees that allegedly straddled their property line. The Boves hired Vaillancourt to cut and remove the trees. Following the removal, Knappmiller filed a claim against the Boves for wrongful cutting of trees, alleging that the trees were located on Knappmiller's property and were removed without his consent. Knappmiller later amended his complaint, adding Vaillancourt as a codefendant. Vaillancourt consequently cross-claimed against the Boves for negligence, breach of contract, and indemnity. Vaillancourt's cross-claim alleged that it had entered into a contract with the Boves, and that the Boves did not, but should have, informed Vaillancourt about tree ownership issues with Knappmiller before the trees were cut down and removed. Vaillancourt's cross-claim demanded "judgment against the Boves . . . for indemnity, if Vaillancourt is found liable to Plaintiff and for any other damages suffered by Vaillancourt resulting from the Boves' negligence and breach of contract."

¶ 3. After a two-day trial, the jury returned a verdict for defendants, finding that Knappmiller had not proven a claim for wrongful cutting of trees against the Boves or Vaillancourt. Because the jury found no wrongful cutting on the part of the defendants, it never reached Vaillancourt's indemnity cross-claim since

the jury instructions and special verdict form required the jury to reach the issue only if Vaillancourt was found liable to Knappmiller. Approximately two weeks later, Vaillancourt filed a post-trial motion seeking litigation expenses, including attorney's fees, under a theory of implied indemnity from the Boves. The trial court denied Vaillancourt's motion, stating that indemnity was not available absent any finding of wrongdoing on the part of the Boves. The court also noted that Vaillancourt's cross-claim had not put the Boves on notice that it would seek attorney's fees from them in the event that Vaillancourt and the Boves prevailed in the underlying suit. On appeal, Vaillancourt argues that the trial court's ruling is inconsistent with *Windsor School District v. State*, 2008 VT 27, 183 Vt. 452, 956 A.2d 528, and that our case law does not require a finding of wrongdoing before attorney's fees and litigation expenses may be awarded based on a theory of implied indemnity.

¶ 4. In general, awards for attorney's fees are reviewed for an abuse of discretion. *Spooner v. Town of Topsham*, 2010 VT 71, ¶ 7, 188 Vt. 293, 9 A.3d 672. Vermont normally requires parties to bear their own attorney's fees and costs of litigation, absent a statutory or contractual provision to the contrary. *Windsor*, 2008 VT 27, ¶ 10. Our standard for departing from this rule is demanding. *Concord Gen. Mut. Ins. Co. v. Woods*, 2003 VT 33, ¶ 18, 175 Vt. 212, 824 A.2d 572.

¶ 5. This Court has recognized an exception to the rule when "the wrongful act of one person has involved another in litigation with a third person or has made it necessary for that other person to incur expenses to protect his interests." *Albright v. Fish*, 138 Vt. 585, 591, 422 A.2d 250, 254 (1980). Some underlying culpability must appear from the record before attorney's fees can be awarded under the

*Albright* exception.[*] See *Blanchard v. Villeneuve*, 142 Vt. 267, 271-72, 454 A.2d 1235, 1237-38 (1982); see also *Bull v. Pinkham Eng'g Assocs.*, 170 Vt. 450, 460-61, 752 A.2d 26, 34 (2000) (noting that, although jury found no liability in underlying suit, trial court's later findings supported its conclusion that defendant's wrongdoing was proximate cause of plaintiff's litigation costs). The party requesting indemnification for attorney's fees has the burden to demonstrate the would-be indemnitor's culpability. See *White v. Quechee Lakes Landowners' Ass'n*, 170 Vt. 25, 31, 742 A.2d 734, 738 (1999) (noting that third-party plaintiff "has the burden of establishing its right to equitable indemnification").

¶ 6. Vaillancourt vaguely asserts that the Boves are more responsible because, as the property owners, they should have been aware of, and alerted Vaillancourt to, the fact that the trees straddled the boundary line. Citing *Windsor*, 2008 VT 27, ¶ 13, Vaillancourt's principal argument is that the trial court does not need to make a finding on fault, and that indemnity may be awarded "as a matter of comparative responsibility and fairness."

¶ 7. In *Windsor*, the town of Windsor bought land that was previously owned and polluted by the Department of Corrections (DOC). 2008 VT 27, ¶ 2. The town retained various experts and an attorney to protect its interests while cleanup took place and later sued the DOC, seeking reimbursement for money spent investigating and remediating the pollution. *Id.* ¶¶ 3-4. The trial court concluded that both the town and the DOC were strictly liable as responsible parties under 10 V.S.A. § 6615(a), a provision of the Vermont Waste Management Act, and therefore both were liable for cleanup. Nevertheless the trial court awarded the town

---

[*] We do not address the scope or applicability of other exceptions not at issue in this appeal.

reasonable expenses, including attorney's fees, under § 6615(i) of the statute, which provides for "contribution or indemnification." *Id.* ¶ 5. We affirmed, concluding that the town was entitled to attorney's fees; however, our award was based on common-law indemnification under *Albright*, not § 6615(i) of the Waste Management Act. We held that because the DOC alone polluted the property and the town was a mere purchaser, the town was potentially subject to great financial liability for the costs incurred during remediation, and therefore, that there was a significant difference in the "kind or quality of conduct." *Id.* ¶¶ 10-12, 18.

¶ 8. Contrary to Vaillancourt's contention, *Windsor* does not abandon the wrongful act element, but merely explains the rationale behind prior case law and notes that a finding of fault is not a necessary predicate to an award of attorney's fees in the context of that case with its distinct premise of strict liability. *Id.* ¶ 13. Our reference to lack of fault was prompted by the Waste Management Act's imposition of liability regardless of fault. See 10 V.S.A. § 6615(c). We do not extend *Windsor* to cases such as this where the jury specifically found no fault, no liability, and no underlying responsibility.

¶ 9. Moreover, in *Windsor*, unlike in this case, there was an obvious and vast gap between the kind and quality of the parties' conduct. There, the trial court found that the DOC polluted the land, while the town merely purchased it. *Id.* ¶¶ 2-3, 11; see also *Bull*, 170 Vt. at 460-61, 752 A.2d at 34 (awarding attorney's fees where trial court concluded indemnitor breached duty to indemnitee, proximately causing indemnitee's legal costs); *Welch v. LaGue*, 141 Vt. 644, 647, 451 A.2d 1133, 1135 (1982) (awarding attorney's fees where indemnitor breached covenant to convey marketable title, involving indemnitee in litigation with third party). Because the court found that the DOC wholly caused the pollution and the town "played virtually no role," there was a basis under *Albright* for an award of attorney's fees. *Windsor*, 2008 VT 27, ¶¶ 11-13.

¶ 10. Even if we were to dispense with a requirement of finding fault on behalf of the Boves, the jury specifically found neither the Boves nor Vaillancourt liable for any wrongful act. The jury did not reach Vaillancourt's cross-claim against the Boves because Vaillancourt requested attorney's fees only *if* Vaillancourt was found liable in the underlying suit. More importantly, Vaillancourt did not object to the jury charge or the special verdict form — both of which unequivocally instructed the jury to reach Vaillancourt's indemnity claim *only if* Knappmiller prevailed. We therefore cannot discern any support for an award of attorney's fees, other than Vaillancourt's conclusory allegations that the Boves knew the trees straddled the boundary line and had a duty to inform Vaillancourt of that fact. The court's exercise of discretion is affirmed.

*Affirmed.*