REIBER, C.J.
¶ 1. Taxpayer-a limited liability company that operates a pizzeria in Northfield-appeals the denial of its motion for attorney's fees arising from an underlying case regarding the state meals tax. Taxpayer argues that the trial court erred in finding that the doctrine of sovereign immunity and the American Rule regarding attorney's fees prevent the court from awarding equitable relief to taxpayer. Specifically, taxpayer argues that (1) 32 V.S.A. § 9275 -the state law regarding appeals of meals tax assessments-presents an exception to these two doctrines and (2) equity calls for the court to award relief in the form of attorney's fees. We disagree and therefore affirm.
*206 ¶ 2. Taxpayer operated a snack bar and a food truck at Norwich University football and hockey games from March 2011 through January 2014. It did not collect meals tax from customers and it did not remit meals tax to the Department of Taxes. In April 2014, an auditor determined that taxpayer owed $27,810 in meals tax, interest, and penalties to the Department because taxpayer should have been collecting and remitting the meals tax. Taxpayer responded that the food and beverages it sold at Norwich were not "taxable meals" within the meaning of the statute concerning meals tax. See 32 V.S.A. § 9202(10)(D)(ii)(I) (stating that taxable meal does not include food or drink "served or furnished on the premises of a school"). However, the Department and its Commissioner concluded that the items were taxable and assessed meals tax, interest, and penalties against taxpayer. Taxpayer appealed to the Commissioner for reconsideration, and the Commissioner affirmed the assessment. Taxpayer then appealed to the trial court. The Department moved to dismiss the appeal on the grounds that it was undertaking a review of the meals tax and the exemption claimed by taxpayer and it had therefore abated the tax at issue. Taxpayer did not oppose the motion to dismiss, but it did move for an award of attorney's fees under 32 V.S.A. § 9275.
¶ 3. The trial court denied taxpayer's motion for attorney's fees for three reasons: (1) "sovereign immunity generally protects the State of Vermont against claims for damages, costs, or attorney's fees" and "there has been no express waiver" of sovereign immunity in the context of the meals tax regarding the award of attorney's fees against the state; (2) there was no exception in this case to the "American Rule that each side is to bear its own legal fees" because, again, the statute regarding meals tax does not "provide[ ] clear authority for the award of attorney's fees"; and (3) it could not invoke its powers of equity to award attorney's fees because taxpayer had not established that the Department "acted in bad faith or vexatiously" in its "litigation tactics."
¶ 4. Conceding that the court was correct in its third holding, taxpayer now appeals the court's denial of attorney's fees. In doing so, taxpayer (1) primarily argues that 32 V.S.A. § 9275 calls for attorney's fees in this circumstance and so is an exception to both sovereign immunity and the American Rule and (2) secondarily argues that equity also calls for attorney's fees in this circumstance, even though the Department did not act in bad faith. We conduct a nondeferential and plenary review of the court's holdings because whether a court may award attorney's fees is a question of law. See Rhoades Salvage/ABC Metals v. Town of Milton Selectboard, 2010 VT 82, ¶ 6, 188 Vt. 629, 9 A.3d 685 (mem.).
¶ 5. Before directly addressing taxpayer's arguments, we first describe the basics of sovereign immunity and the American Rule. Sovereign immunity generally prevents courts from ordering the government to pay attorney's fees to adverse parties. See Joe v. United States, 772 F.2d 1535, 1536 (11th Cir. 1985) ("The doctrine of sovereign immunity bars an award of attorneys' fees against the United States unless there is express statutory authorization for such an award."). When this doctrine is expressly waived by statute, it does not apply. LaShay v. Dep't of Soc. & Rehab. Servs., 160 Vt. 60, 67, 625 A.2d 224, 228 (1993) ("Sovereign immunity protects the state from suit unless immunity is expressly waived by statute."). But if a statute is silent regarding a waiver of sovereign immunity, then no such waiver *207 exists. In re Williams, 166 Vt. 21, 24-25, 686 A.2d 964, 966 (1996) (declining to imply waiver of immunity from silence). And in analyzing potential waivers of sovereign immunity, the waiver is construed as minimally as the words of the statute allow. Library of Congress v. Shaw, 478 U.S. 310, 318, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986) ("[W]e must construe waivers strictly in favor of the sovereign and not enlarge the waiver beyond what the statute requires." (citation and quotation omitted)). We construe a statute narrowly and neither create a waiver by replacing silence with policy nor expand a partial waiver. See State v. Fuller, 163 Vt. 523, 528, 660 A.2d 302, 305 (1995) (noting that it is inappropriate to expand statute by implication by replacing legislative silence with policy).
¶ 6. The Legislature has expressly waived sovereign immunity on several occasions by specifically mentioning the availability of recovering attorney's fees from the government. See, e.g., 1 V.S.A. § 319(d)(2) ("The court may, in its discretion, assess against a public agency reasonable attorney's fees and other litigation costs reasonably incurred in a case under this section ...." (emphasis added)); 8 V.S.A. § 10404(h) ("A borrower aggrieved by a violation of the provisions of this section, or a rule adopted by the Commissioner in connection with this section, may bring an action for ... reasonable attorneys' fees." (emphasis added)); 9 V.S.A. § 4007(c) ( "Notwithstanding any contrary agreement, the substantially prevailing party in any proceeding to recover any payment within the scope of this chapter shall be awarded reasonable attorney's fees...." (emphasis added)).
¶ 7. To a lesser extent, the American Rule, which requires each party to bear its own litigation expenses, also generally prevents courts from ordering the government to pay attorney's fees to adverse parties. Vermont follows this rule. Bruntaeger v. Zeller, 147 Vt. 247, 255, 515 A.2d 123, 128 (1986) ("Absent special legal authority or as a matter of contract, attorney's fees are not awarded as part of recovery in American practice."); State v. Whitingham Sch. Bd., 140 Vt. 405, 407, 438 A.2d 394, 396 (1981) ( "Vermont follows the 'American' rule on litigation expenses, which requires each party to bear his [or her] general litigation expenses."). We have consistently found that "[o]ur standard for departing from [the American Rule] is demanding." Knappmiller v. Bove, 2012 VT 38, ¶ 4, 191 Vt. 629, 48 A.3d 607 (mem.). Namely, an exception to the American Rule may occur when one of the litigants has acted in bad faith. In re Gadhue, 149 Vt. 322, 328-29, 544 A.2d 1151, 1154-55 (1987).
¶ 8. Having described the basics of sovereign immunity, the American Rule, and the general exceptions to each, we now address taxpayer's arguments on appeal: (1) his primary argument that 32 V.S.A. § 9275 calls for attorney's fees in this circumstance and so is an exception to both sovereign immunity and the American Rule and (2) his secondary argument that equity also calls for attorney's fees in this circumstance, even though the Department did not act in bad faith.
I.
¶ 9. We conclude that taxpayer's argument that 32 V.S.A. § 9275 requires an award of attorney's fees in this circumstance fails because (1) statutory waivers of sovereign immunity must be express and we construe waivers narrowly, so the general reference in § 9275 to "such relief as may be equitable" is insufficient to establish an exception; (2) § 9275 expressly disallows "costs" against the state, strongly suggesting that it also disallows an award of attorney's fees because "costs"
*208 are much more modest than attorney's fees and, if anything, costs are generally more available in the law than are attorney's fees; and (3) we recently held in Town of Milton Board of Health v. Brisson, 2016 VT 56, 202 Vt. 121, 147 A.3d 990, that in most cases when the Legislature intends to provide for an award of attorney's fees, it says so expressly. We conclude that the fact that the Legislature did not expressly include a potential award for attorney's fees in § 9275 demonstrates that the Legislature did not intend to waive sovereign immunity in this section.
¶ 10. We come to this conclusion by analyzing the Legislature's intent behind the statute. See Baker v. State, 170 Vt. 194, 198, 744 A.2d 864, 886 (1999) ("It is axiomatic that the principal objective of statutory construction is to discern the legislative intent."). We begin by looking at the plain meaning of the words in the statute. See Tarrant v. Dep't of Taxes, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999) ("Initially, in our attempts to ascertain legislative intent we look for guidance in the plain meaning of the words used."). Here, the relevant portions of the statute are:
Any person aggrieved by the decision of the Commissioner upon petition provided for in section 9274 of this title may, within 30 days after notice thereof from the Commissioner, appeal therefrom to the Superior Court .... Such Court may grant such relief as may be equitable and may order the State Treasurer to pay to the aggrieved taxpayer the amount of such relief with interest at the rate established pursuant to 32 V.S.A. § 3108. Upon all such appeals which may be denied costs may be taxed against the appellant at the discretion of the Court but no costs shall be taxed against the State.
32 V.S.A. § 9275 (emphases added).
¶ 11. Although this section refers to "such relief as may be equitable," it makes no mention of attorney's fees. Cf. 1 V.S.A. § 319(d)(2) (specifically mentioning attorney's fees); 8 V.S.A. § 10404(h) (same) ; 9 V.S.A. § 4007(c) (same). The fact that the Legislature did not expressly include a potential award of attorney's fees in § 9275 demonstrates that the Legislature did not intend to waive sovereign immunity in this section. See Daniels v. Vt. Ctr. for Crime Victims Servs., 173 Vt. 521, 523, 790 A.2d 376, 379 (2001) (mem.) ("Where the Legislature has demonstrated that it knows how to provide explicitly for the requested action, we are reluctant to imply such an action without legislative authority."). And-considering that waivers of sovereign immunity must be express and we construe waivers narrowly-we hold that this section does not establish an exception to sovereign immunity. See Library of Congress, 478 U.S. at 318, 106 S.Ct. 2957 ; LaShay, 160 Vt. at 67, 625 A.2d at 228.
¶ 12. Moreover, the statute's requirement that "no costs shall be taxed against the State" also indicates that the statute does not authorize attorney's fees. 32 V.S.A. § 9275. It is true that we do not consider attorney's fees to be costs under Vermont Rule of Civil Procedure 54. State v. Whitingham Sch. Bd., 140 Vt. at 409, 438 A.2d at 397 ("Attorney's fees are a litigation expense, not a 'cost' within the meaning of V.R.C.P. 54, V.R.A.P. 39, or 32 V.S.A. § 1471."). But allowing attorney's fees would be incongruous with denying costs: "costs" are not only much more modest than attorney's fees but also generally more available than are attorney's fees. These two facts-combined with the statute's lack of any reference to attorney's fees-further suggest that the statute does not authorize an award of attorney's fees.
*209 ¶ 13. This is further bolstered by our similar holding in Town of Milton Board of Health v. Brisson, 2016 VT 56, 202 Vt. 121, 147 A.3d 990. In that case, the court ordered a homeowner to pay attorney's fees to his town, which had successfully sought an injunction requiring him to alleviate public health hazards associated with his residence. This Court held that the order was an abuse of the court's discretion because the award of attorney's fees violated the American Rule and an exception did not apply. Id. ¶ 33 ("[O]ur review of the record, including the superior court's findings, does not reveal the type of bad-faith conduct that makes this an exceptional case in which the interests of justice supports a divergence from the American Rule as to attorney's fees."). Specifically, in that case we analyzed a portion of 18 V.S.A. § 130(b)(5) allowing the court to order reimbursement from persons who caused governmental expenditures "for the investigation and mitigation of the public health risk or the investigation, abatement, or removal of public health hazards." We found that this language could be interpreted broadly to include attorney's fees or narrowly to exclude them. Brisson, 2016 VT 56, ¶ 22, 202 Vt. 121, 147 A.3d 990 ("Although this broad language could be construed to include attorney's fees as costs expended indirectly for the investigation of a public health hazard, it also could be construed more narrowly to mean only those costs directly incurred in the investigation, mitigation, abatement, or removal of public health risks or hazards"). Ultimately, we held that the "latter interpretation is the more likely legislative intent underlying the statute, given that the provision does not refer to litigation costs and that attorney's fees are a unique type of expense that is subject to special rules and treatment." Id.
¶ 14. Taxpayer's arguments to the contrary do not sway our opinion. Taxpayer urges us to consider what it describes as "circumstantial evidence" of the legislative history of 32 V.S.A. § 9275 supporting the idea that the Legislature intended the statute to allow for attorney's fees. One example provided by taxpayer is from Holbrook Grocery Co. v. Commissioner of Taxes, 115 Vt. 275, 57 A.2d 118 (1948), which involved Act 35, a cigarette tax passed in 1939. While some of the language in Act 35 is similar to § 9275, we agree with taxpayer that its relevance is, at best, "attenuated." Such distant legislative history does not assist us in determining the legislative intent behind the statute in this case. See In re Carroll, 2007 VT 19, ¶ 9, 181 Vt. 383, 925 A.2d 990 ("[I]f doubts exist, the real meaning and purpose of the Legislature is to be sought after and, if disclosed by a fair and reasonable construction, it is to be given effect." (quotation omitted)).
II.
¶ 15. We likewise are unconvinced by taxpayer's nonstatutory argument that equity allows for attorney's fees in this case. Both parties agree that attorney's fees may constitute a form of equitable relief, and this Court has condoned the awards of attorney's fees as a form of equitable relief in many cases. See, e.g., Southwick v. City of Rutland, 2011 VT 105, ¶ 9, 190 Vt. 324, 30 A.3d 1298 (noting that "courts may use their equitable powers to award attorney's fees"); Agency of Nat. Res. v. Lyndonville Sav. Bank & Trust Co., 174 Vt. 498, 501, 811 A.2d 1232, 1236 (2002) (mem.) ("[T]here is no doubt that courts have inherent power ... to award attorney's fees in exceptional cases based on the bad-faith conduct of litigants"); DJ Painting, Inc. v. Baraw Enters., Inc., 172 Vt. 239, 246, 776 A.2d 413, 419 (2001) ("This Court has ... recognized the ability of courts to use their equity power to *210 award fees as the needs of justice dictate." (quotation omitted)).
¶ 16. And although "[o]ur standard for departing from [the American Rule] is demanding," Knappmiller, 2012 VT 38, ¶ 4, 191 Vt. 629, 48 A.3d 607, equity may allow for exception to the American Rule when the other party has acted in bad faith:
Bad faith conduct held to justify the award of counsel fees has been found where one party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, where the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and where it should have been unnecessary for the successful party to have brought the action.
Harkeem v. Adams, 117 N.H. 687, 377 A.2d 617, 619 (1977) (quotation and citations omitted).
¶ 17. Such circumstances do not exist here. Taxpayer not only acknowledges that the Department did not act in bad faith but also fails to show that the circumstances of this case are similar to those of cases in which we have recognized an exception to the American Rule. Taxpayer argues that this case is similar to Gadhue, where we found an exception to the American Rule. But in that case, "attorneys' fees were awarded when a litigant was compelled to appear more than once in the state supreme court before obtaining relief." DJ Painting, 172 Vt. at 246-47, 776 A.2d at 420. That is not true here. Taxpayer has gone through the justice system only once, and taxpayer's criticism of the Commissioner's decision does not amount to an allegation of bad faith or other outrageous conduct. Therefore, taxpayer's case bears little resemblance to the one in Gadhue, where we cautioned that the equitable exception applied "only in exceptional cases and for dominating reasons of justice." Gadhue, 149 Vt. at 328, 544 A.2d at 1154 (quotation omitted). Because the circumstances of taxpayer's case are not exceptional, an exception to the American Rule should not be applied here.
Affirmed.