NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 23

No. 2017-044

| | |
|---|---|
| Kirk Wool | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Lisa Menard, Commissioner, | September Term, 2017 |
| Vermont Department of Corrections | |

Mary Miles Teachout, J.

Kirk Wool, Pro Se, Baldwin, Michigan, Plaintiff-Appellant.

Thomas J. Donovan, Jr., Attorney General, Montpelier, and Robert C. Menzel, Jr.,
 Assistant Attorney General, Waterbury, for Defendant-Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **REIBER, C.J.** Plaintiff Kirk Wool is an inmate in the custody of the Vermont Department of Corrections (DOC). He appeals the dismissal of his claim that DOC and its Commissioner violated a statutory obligation to negotiate and award a contract to provide telephone services to inmates in state correctional facilities in a manner that provides for the lowest reasonable cost to inmates. We affirm the trial court's dismissal of plaintiff's claim for money damages, but reverse the dismissal of plaintiff's claim for mandamus relief and remand for further proceedings.

¶ 2. In June 2016, plaintiff filed a complaint against defendants in the civil division. He alleged that for the past several years, DOC had violated 28 V.S.A. § 802a(d) and Vermont law by

failing to use a competitive process to obtain telephone services for inmates. Instead, he alleged, DOC had purchased telephone services from the only company from which it sought a bid. Plaintiff alleged that under "Vermont law," such "sole source" contracts may only be used in "extraordinary circumstances," which did not exist here. According to plaintiff, the company with which DOC contracted charged approximately $8.00 per hour for a telephone call, while competing firms offered rates closer to $3.00 per hour. He argued that DOC had not negotiated and awarded the contract in a manner that provided for the lowest reasonable costs to inmates, as required by § 802a(d), which states that "[a]ny contract to provide telephone services to inmates in state correctional facilities shall be negotiated and awarded in a manner that provides for the lowest reasonable cost to inmates, to their families, and to others communicating with inmates." Plaintiff sought damages equivalent to the difference between the current rates and the lower rates he alleged would be offered by other contractors for calls he had placed.[1]

¶ 3. Defendants moved to dismiss plaintiff's claim. Defendants argued that plaintiff lacked standing to challenge the contract because he was not an intended third-party beneficiary of the contract. They further argued that plaintiff's claim for damages was barred by sovereign immunity because it was based upon defendants' performance of a discretionary function and did not have a private analog. Plaintiff opposed the motion to dismiss, arguing that § 802a(d) limited DOC's discretion. He also filed a claim for a writ of mandamus, asserting that DOC had a nondiscretionary duty to provide telephone services at the lowest reasonable costs to inmates.[2]

---

[1] Plaintiff asserted, and DOC did not dispute, that he had exhausted his administrative remedies with regard to his claims.

[2] Plaintiff's claim for mandamus relief was filed after DOC served its motion to dismiss. Although plaintiff did not expressly request permission to amend his complaint, the trial court implicitly treated his mandamus claim as an amendment and considered the claim in its decision on defendant's motion to dismiss. See V.R.C.P. 15(a) (explaining that party may amend pleading after responsive pleading has been served only by leave of court or written consent of adverse party, and "leave shall be freely given when justice so requires"). We therefore consider the mandamus claim as part of plaintiff's complaint for purposes of reviewing the order of dismissal.

¶ 4.     The trial court ruled that plaintiff's damages claim was barred by the State's sovereign immunity. It held that plaintiff's claim for relief in the nature of mandamus also failed because plaintiff did not seek enforcement of a purely ministerial act. The court therefore dismissed plaintiff's claims.

¶ 5.     On appeal, plaintiff argues that the trial court erred in dismissing his claims for damages and mandamus relief. Although his brief is not a model of clarity, we understand his argument to be that DOC had a nondiscretionary duty to negotiate and award the telephone services contract in a manner that led to the lowest reasonable costs for inmates, specifically by using a competitive bidding process to select the contractor, and that DOC violated this duty. He seeks damages and an order compelling DOC to reopen the bidding process.

¶ 6.     We review the trial court's determination of a motion to dismiss de novo, accepting as true all allegations made by the non-moving party. Nichols v. Hofmann, 2010 VT 36, ¶ 4, 188 Vt. 1, 998 A.2d 1040; In re Estate of Holbrook, 2016 VT 13, ¶ 14, 201 Vt. 254, 140 A.3d 788. "Motions to dismiss for failure to state a claim are disfavored and should be rarely granted." Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575, 959 A.2d 990 (mem.). A court should not grant a motion to dismiss for failure to state a claim "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Amiot v. Ames, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997) (quotation omitted).

I. Damages Claim

¶ 7.     We first consider whether the trial court properly dismissed plaintiff's damages claim. We conclude that plaintiff failed to demonstrate that the State waived its sovereign immunity such that he may obtain money damages for the alleged violation of § 802a(d), and affirm the trial court's ruling on this issue.

¶ 8.     Sovereign immunity protects the State and its components from liability for money damages unless immunity is waived by statute. Jacobs v. State Teachers' Ret. Sys. of Vt., 174 Vt.

404, 408, 816 A.2d 517, 521 (2002). "[I]f a statute is silent regarding a waiver of sovereign immunity, then no such waiver exists." Depot Square Pizzeria, LLC v. Dep't of Taxes, 2017 VT 29, ¶ 5, __Vt.__, 169 A.3d 204. The statute at issue here, 28 V.S.A. § 802a, does not provide for an aggrieved party to obtain money damages in such an action. It therefore does not provide an avenue for plaintiff to obtain the relief he seeks. See In re Williams, 166 Vt. 21, 24, 686 A.2d 964, 966 (1996) (declining to imply waiver of sovereign immunity from statutory silence).

¶ 9. The State has waived its immunity for certain tort claims under 12 V.S.A. § 5601. Section 5601 provides that the State can be held liable for injury to persons or property caused by the negligent or wrongful act or omission of a State employee while acting in the scope of his or her employment, provided that the claim is "comparable to a recognized cause of action against a private person." Sabia v. State, 164 Vt. 293, 298, 669 A.2d 1187, 1191 (1995); 12 V.S.A. § 5601(a). The State remains immune for governmental functions for which there is no private analog. LaShay v. Dep't of Soc. & Rehab. Servs., 160 Vt. 60, 68, 625 A.2d 224, 229 (1993). In order to bring a tort claim for damages against the State, the plaintiff must demonstrate that a private analog exists and that no exception to the State's waiver of sovereign immunity applies. Mellin v. Flood Brook Union Sch. Dist., 173 Vt. 202, 218-19, 790 A.2d 408, 423 (2001).

¶ 10. In this case, the trial court found that there was no private analog that would permit plaintiff's damages claim under § 5601(a). Plaintiff does not challenge this determination on appeal. Instead, he focuses solely on challenging the court's holding that the discretionary function exception set forth in § 5601(e)(1) also barred his claim. Plaintiff's brief is "wholly inadequate" on the issue of availability of damages "because it omits discussion of an essential element of [his] claim." Mellin, 173 Vt. at 219, 790 A.2d at 423. Even if plaintiff were correct that his damages claim is not barred by the discretionary function exception, he has failed to show that a private analog exists, as is required to state a claim for relief under 12 V.S.A. § 5601(a). We therefore decline to disturb the trial court's ruling that plaintiff's claim for damages was barred by sovereign

4

immunity. See id. at 219, 790 A.2d at 423 (holding that Court would not address plaintiff's argument on appeal that trial court erred in dismissing negligence claim against State on basis of sovereign immunity where plaintiff presented no argument on how her claim was comparable to recognized cause of action against private person, and focused only on discretionary function exception).

## II. Claim for Mandamus Relief

¶ 11. However, we agree with plaintiff that the trial court acted prematurely in dismissing his claim for relief in the nature of mandamus. Mandamus is a command from the court to an official, agency, or lower tribunal "to perform a simple and definite ministerial duty imposed by law." Vt. State Emps.' Ass'n, Inc. v. Vt. Criminal Justice Training Council, 167 Vt. 191, 195, 704 A.2d 769, 771 (1997); see also Bargman v. Brewer, 142 Vt. 367, 369–70, 454 A.2d 1253, 1255 (1983). In order for a court to issue a writ of mandamus, there are three requirements:

> (1) the petitioner must have a clear and certain right to the action sought by the request for a writ; (2) the writ must be for the enforcement of ministerial duties, but not for review of the performance of official acts that involve the exercise of the official's judgment or discretion; and (3) there must be no other adequate remedy at law.

In re Fairchild, 159 Vt. 125, 130, 616 A.2d 228, 231 (1992).

¶ 12. In Fairchild, we affirmed the trial court's determination that the petitioners, who were neighboring landowners and interested persons, were entitled to a writ of mandamus compelling the town to enjoin owners of a building from using the property in violation of the town's zoning ordinance. We determined that petitioners met all three criteria for mandamus relief. Id. First, as interested persons, they were affected by the zoning violations and were entitled to enforcement of the ordinance. Id. Second, the statute imposed a ministerial duty on the zoning officer to enforce the ordinance. Id. Third, the official's refusal to perform this nondiscretionary duty left the petitioners without an adequate remedy at law. Id. at 130-31, 616 A.2d at 231.

5

¶ 13.    Similarly, in Bargman v. Brewer, we reversed the trial court's dismissal of a petition for a writ of mandamus. 142 Vt. 367, 369, 454 A.2d 1253, 1255 (1983). The petition was filed by nonresident landowners, who sought to compel the listers and selectboard of their town to comply with a statutory requirement to lodge a book containing the grand list and the abstracts of individual lists with the town clerk for the taxpayers' inspection. The petitioners also alleged that the defendants had failed to include the statutorily required description of each parcel of real estate in the grand list. We determined that the duties the petitioners sought to enforce were ministerial in nature and that the tax appraisal grievance process did not provide an adequate alternative legal remedy. Id. at 371-72, 454 A.2d at 1256. We accordingly held that "since plaintiffs have alleged facts which, if true, would permit an order in the nature of mandamus, they must be given an opportunity at least to introduce evidence in support of those allegations." Id. at 373, 454 A.2d at 1257.

¶ 14.    Here, plaintiff alleges that DOC failed to use a competitive bidding process in contracting for telephone services, and thus failed to obtain the lowest reasonable costs for inmates as required by 28 V.S.A. § 802a(d), which provides that "[a]ny contract to provide telephone services to inmates in state correctional facilities shall be negotiated and awarded in a manner that provides for the lowest reasonable cost to inmates, to their families, and to others communicating with inmates." The court found that § 802a(d) did not purport to control the manner in which DOC negotiated telephone services contracts for inmates, and therefore did not impose a ministerial duty that plaintiff could enforce through mandamus. The court did not address plaintiff's allegation that DOC violated "Vermont law" by failing to use a competitive bidding process to contract for telephone services.

¶ 15.    However, as plaintiff alleged, DOC was required by Vermont law—albeit not specifically and exclusively by the statute he identified in his complaint—to use a competitive bidding process in contracting for telephone services for inmates. Section 122 of Title 28 provides:

> For the purpose of securing programming and services for offenders, the Department of Corrections shall publicly advertise or invite three or more bids. The contract for any such programming and services shall be awarded to one of the three lowest responsible bidders, conforming to specification, with consideration being given to the time required for provision of services, the purpose for which it is required, competency and responsibility of bidder, and his or her ability to render satisfactory services; but the Commissioner with the approval of the Secretary of Human Services shall have the right to reject any and all bids and to invite other bids.

28 V.S.A. § 122. Section 122 imposes a nondiscretionary duty upon DOC to solicit three or more bids whenever it seeks to contract for services for offenders, and to award the contract to one of the three lowest responsible bidders unless those bids are rejected. We find no indication that this provision, which was enacted in 2011, is somehow inapplicable to contracts for telephone services.[3] Although DOC ultimately has discretion to determine the terms of the contract and which bidders are "responsible," it is expressly obligated by § 122 to use a competitive bidding process in entering any contract for programming or services for inmates. The requirement to solicit multiple bids is a "purely ministerial act, that is, an act regarding which nothing is left to discretion—a simple and definite duty, imposed by law." Bargman, 142 Vt. at 369, 454 A.2d at 1255 (quotation omitted).

¶ 16. Although plaintiff did not specifically cite § 122 in his pleadings, his allegations were sufficient to give fair notice to DOC of the claim and the grounds upon which it rested. "The sufficiency of a complaint depends on whether it provides fair notice of the claim and the grounds upon which it rests." Richards v. Town of Norwich, 169 Vt. 44, 49, 726 A.2d 81, 85 (1999). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d

---

[3] Plaintiff alleged in his June 2016 complaint that DOC had been using a sole-source contract "[f]or the past 3-4 years." Drawing the inference most favorable to plaintiff, as we must in reviewing a motion to dismiss, this means that the contract was negotiated, at the earliest, at some point in 2012. Section 122 therefore would have been applicable. Of course, this is a matter that plaintiff will have the burden of proving on remand.

7

Cir. 1988) (declining to dismiss claim on ground that plaintiffs failed to cite statute under which they sought relief in complaint); see also Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice pleading requires the plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal theories. . . . A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss."). Plaintiff's allegation that "Vermont law" required DOC to use competitive bidding to contract for telephone services and that DOC violated this requirement by using a sole-source contract provided DOC with sufficient notice of the basis of his claim. As the agency responsible for administering Title 28 generally, and § 122 more specifically, DOC cannot claim that it was unaware of the nondiscretionary competitive bidding requirement.

¶ 17. We turn, then, to whether plaintiff's allegations are sufficient to meet the other elements required for mandamus relief. In addition to seeking the enforcement of a ministerial duty, the plaintiff must show that he or she has a clear legal right to the action sought in the petition and that there is no other adequate remedy at law. Fairchild, 159 Vt. at 130, 616 A.2d at 231. Assuming that plaintiff's allegations are true, the latter requirement is plainly satisfied here, as DOC's alleged refusal to follow the nondiscretionary procedure for contracting for telephone services leaves plaintiff without an adequate alternative remedy. See id. at 131, 616 A.2d at 231 ("Refusal of an official to perform nondiscretionary duties leaves the petitioners without an adequate remedy at law."); Menut & Parks Co. v. Cray, 114 Vt. 41, 51, 39 A.2d 342, 347 (1944) (holding that officials' refusal "to perform the duties enjoined upon them, or to act at all in contemplation of the law" left petitioners with no remedy besides mandamus).

¶ 18. Plaintiff has also alleged sufficient facts to show that he has a clear legal right to the relief sought. As an inmate in the custody of DOC, plaintiff has the right to have telephone services provided to him at the "lowest reasonable cost." 28 V.S.A. § 802a(d); Wool v. Gorczyk, No. 2004-535, 2006 WL 5868426, at *1 (Vt. Mar. 1, 2006)

8

(unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo04-535.pdf [https://perma.cc/TC5D-E669] ("Section 802a(d) requires that any contract negotiated by the DOC for telephone services provide the lowest costs to inmates and their families."). Section 122 prescribes a mandatory method, competitive bidding, for DOC to negotiate and award contracts to achieve the lowest reasonable cost. Cf. Franklin Cnty. Sheriff's Office v. St. Albans City Police Dep't, 2012 VT 62, ¶ 16, 192 Vt. 188, 58 A.3d 207 (holding that sheriff's office had no legally protected right to fair competition to provide police services to town because applicable statute provided that municipalities "may" contract for police services and did not mandate bidding process). "The purpose behind competitive bidding requirements is to safeguard the public against fraud, favoritism, graft, extravagance, improvidence, and corruption and to ensure honest competition for the best work or supplies at the lowest reasonable cost." Gariup Constr. Co. v. Carras-Szany-Kuhn & Assocs., P.C., 945 N.E.2d 227, 235 (Ind. Ct. App. 2011) (emphasis added); accord Acme Bus Corp. v. Orange Cty., 68 N.E.3d 671, 675 (N.Y. 2016); Domar Elec., Inc. v. City of Los Angeles, 885 P.2d 934, 940 (Cal. 1994); Meadowbrook Carting Co. v. Borough of Island Heights, 650 A.2d 748, 750–51 (N.J. 1994). As an inmate, the alleged extra cost of telephone services that result from DOC's failure to engage in competitive bidding falls directly on plaintiff. See Groves v. Dep't of Corr., 811 N.W.2d 563, 567 (Mich. Ct. App. 2011) (holding that disappointed bidder for prison telephone services contract lacked standing as taxpayer to challenge alleged improper bidding process, because it did not allege cognizable injury; taxpayers as a whole were not harmed because "[a]dditional costs of the winning bid will instead be charged only to inmates and the people they call from prison").

¶ 19.   DOC argues that plaintiff lacks standing to pursue his claim because he is no more than an incidental beneficiary to the contract between DOC and the telephone services provider. We reject this argument because plaintiff has not asserted a breach-of-contract claim. His case is therefore distinguishable from the cases relied upon by DOC, all of which involved attempts by

plaintiffs to enforce the terms of a public contract between the government and an independent contractor. See McMurphy v. State, 171 Vt. 9, 16, 757 A.2d 1043, 1049 (2000) (holding that plaintiffs lacked standing to bring claim that city breached its contractual agreement with State to maintain highway intersection because plaintiffs were only incidental beneficiaries to contract); Sisney v. State, 2008 SD 71, ¶¶ 11-13, 754 N.W.2d 639, 644 (holding that inmate lacked standing to enforce provisions of contract between state and food services contractor); Dumont v. Corr. Corp. of Am., No. 2:14-CV-209, 2016 WL 3129163, at *4 (D. Vt. June 2, 2016) (explaining that inmate could not enforce terms of contract between state and private correctional facility because inmate was only incidental beneficiary to contract). Here, plaintiff seeks to enforce the statutory bidding requirements for entering into the contract, rather than the terms of the contract itself. His standing to bring such a claim does not depend on whether he is a third-party beneficiary to the contract.

¶ 20. Instead, plaintiff's claim must be analyzed under the general constitutional and prudential requirements for standing. In order to bring a case in a Vermont court, "a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct, which is likely to be redressed by the requested relief." Parker v. Town of Milton, 169 Vt. 74, 78, 726 A.2d 477, 480 (1998). "The injury must be an 'invasion of a legally protected interest,' not a generalized harm to the public." Id. (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). In addition, the plaintiff's claim must fall "within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 342, 693 A.2d 1045, 1048 (1997) (quotation and emphasis omitted).

¶ 21. As discussed above, plaintiff alleged that he has been personally harmed by DOC's failure to follow the dictates of § 802a(d) and § 122 and use a competitive bidding process for contracting for telephone services, because he has had to pay more for those services than he would have if DOC had solicited multiple bids. Plaintiff's interest in paying the lowest reasonable costs

10

for telephone services is protected by § 802a(d). He is a member of the class of persons on whom the financial burden of a higher-priced prison telephone services contract falls. Plaintiff's alleged injury therefore falls within the zone of interests sought to be protected by § 802a(d) and § 122. See Marone v. Nassau Cnty., 967 N.Y.S.2d 583, 588-89 (Sup. Ct. 2013) (holding that inmates who suffered from lack of medical care in prison had standing to sue to compel county executive to appoint civilian oversight board mandated by county charter because inmates were within zone of interests sought to be protected by charter). Accordingly, we conclude that he has standing to pursue his claim.

¶ 22. Assuming that plaintiff can prove the allegations he made in his complaint, he may be entitled to mandamus relief. See Bargman, 142 Vt. at 373, 454 A.2d at 1257. We therefore reverse the trial court's dismissal of that claim.[4]

Reversed and remanded for further proceedings in accordance with this opinion.

FOR THE COURT:

_____
Chief Justice

---

[4] We do not address the possibility that petitioner's claim for mandamus may now be moot due to his relocation to another correctional facility, because neither party has raised the issue.

11