Vermont Superior Court
Filed 01/19/24

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-02572

| Stanley Reynolds v. State of Vermont |
|---|

Opinion and Order on the State's Motion for Judgment on the Pleadings

In this case, Plaintiff Stanley Reynolds seeks damages from the State of Vermont under Vermont's Innocence Protection Act, 13 V.S.A. §§ 5561–5585 (the "Act"), for a now-vacated sentence of imprisonment following his conviction for felony sexual assault. The State has filed a motion for judgment on the pleadings. It argues that the plain language of the Act, principally 13 V.S.A. § 5572 (right of action; procedure), demonstrates that Mr. Reynolds cannot be entitled to relief in this case. Mr. Reynolds, without addressing § 5572, argues that his complaint includes all allegations required by 13 V.S.A. § 5573 (complaint) and that no more is needed to have a viable claim. The Court makes the following determinations.

As the Vermont Supreme Court has explained, the question posed by a Vt. R. Civ. P. 12(c) motion for judgment on the pleadings "'is whether, once the pleadings are closed, the movant is entitled to judgment as a matter of law on the basis of the pleadings.' 'For the purposes of [a] motion [for judgment on the pleadings] all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false.' 'A defendant may not

secure judgment on the pleadings if contained therein are allegations that, if proved, would permit recovery.'" *Island Indus., LLC v. Town of Grand Isle*, 2021 VT 49, ¶ 10, 215 Vt. 162, 169 (citations omitted).

The "primary objective when construing a statute 'is to give effect to the intention of the Legislature.' In effectuating that intent, '[w]e examine the plain language of the statute, and if this language is clear and unambiguous, we enforce the statute according to its terms.'" *Maple Run Unified Sch. Dist. v. Vermont Hum. Rts. Comm'n*, 2023 VT 63, ¶ 13 (citations omitted). "As a corollary of this principle, we resort to other tools of statutory construction—such as legislative history—only if the plain language of the statute is unclear or ambiguous." *In re 204 N. Ave. NOV*, 2019 VT 52, ¶ 5, 210 Vt. 572, 575; *see also H.H.*, 2020 VT 107, ¶ 18, 214 Vt. 1, 10 ("Where that statutory language is clear and unambiguous, we look no further.").

To properly interpret a statute, the Court "will not excerpt a phrase and follow what purports to be its literal reading without considering the provision as a whole, and proper construction requires the examination of the whole and every part of the statute." *TD Banknorth, N.A. v. Dep't of Taxes*, 2008 VT 120, ¶ 15, 185 Vt. 45, 53 (citation omitted); *see also Ran-Mar, Inc. v. Town of Berlin*, 2006 VT 117, ¶ 5, 181 Vt. 26, 29 ("We construe all parts of the statutory scheme together, where possible, as a harmonious whole, and '[w]e will avoid a construction that would render the legislation ineffective or irrational.'") (citations omitted).

Here, the parties agree that the controversy presented in this case is properly resolved on the plain language of the Act. Neither argues that the Act is unclear or

ambiguous, requiring resort to collateral rules of construction or legislative history to determine its meaning.

The Act consists of 4 subchapters, the first two of which are of central importance to this case. Subchapter 1 (post-conviction DNA testing, 13 V.S.A. §§ 5561–5570) creates a process whereby one convicted of a qualifying crime may petition a court to require DNA testing of biological evidence from the criminal case. If the court grants the petition, and the testing produces evidence that undermines the conviction or sentence, the court is empowered to grant appropriate relief including, among other things, vacating the conviction, granting a new criminal trial, or granting a new sentencing hearing. *See* 13 V.S.A. § 5569(c).

Subchapter 2 (compensation for wrongful convictions, 13 V.S.A. §§ 5572–5578) creates a statutory cause of action for damages for certain "wrongful convictions." In particular, 13 V.S.A. § 5572(a) provides: "A person convicted and imprisoned for a crime of which the person was exonerated pursuant to this chapter shall have a cause of action for damages against the State." Section 5573 further requires such a claimant to allege in the complaint that: "(1) the complainant has been convicted of a felony crime, been sentenced to a term of imprisonment, and served at least six months of the sentence in a correctional facility; and (2) the complainant was exonerated through the complainant's conviction being reversed or vacated, the information or indictment being dismissed, the complainant being acquitted after a second or subsequent trial, or the granting of a pardon." 13 V.S.A. § 5573(a).

To be entitled to relief, the claimant then must prove by clear and convincing evidence that:

> (1) The complainant was convicted of a felony crime, was sentenced to a term of imprisonment, and served at least six months of the sentence in a correctional facility.
>
> (2)(A) the complainant's conviction was reversed or vacated, the complainant's information or indictment was dismissed, or the complainant was acquitted after a second or subsequent trial; or
> (B) the complainant was pardoned for the crime for which he or she was sentenced.
>
> (3) The complainant is actually innocent of the felony or felonies that are the basis for the claim. As used in this chapter, a person is "actually innocent" of a felony or felonies if he or she did not engage in any illegal conduct alleged in the charging documents for which he or she was charged, convicted, and imprisoned.
>
> (4) The complainant did not fabricate evidence or commit or suborn perjury during any proceedings related to the crime with which he or she was charged.

13 V.S.A. § 5574(a).

The above provisions, thus, separately describe: (a) who may have a cause of action; (b) the necessary allegations in the complaint; and (c) what the claimant must prove to be entitled to a remedy.

There can be no doubt that Mr. Reynolds' complaint in this case includes the allegations required by 13 V.S.A. § 5573(a). It also includes allegations relevant to his ultimate burden of proof under § 5574(a): that he is actually innocent and neither fabricated evidence nor committed or suborned perjury. On that basis, he maintains that his claim satisfies the Act's requirements.

The State, however, focuses on 13 V.S.A. § 5572(a), which creates the cause of action and limits it to circumstances in which the claimant "was exonerated *pursuant to this chapter.*" (Emphasis added.) Under that provision, to be qualified to seek damages, one must already have been: (1) exonerated, (2) pursuant to, (3) this chapter. Exonerated, or exoneration, is not expressly defined in the Act, but the meaning of the expression is apparent in 13 V.S.A. § 5573(a)(2), which requires the complaint to include the allegation that "the complainant was exonerated through the complainant's conviction being reversed or vacated, the information or indictment being dismissed, the complainant being acquitted after a second or subsequent trial, or the granting of a pardon." Exoneration, thus, refers to a conviction that was reversed or vacated, an information or indictment that was dismissed, acquittal at a second or subsequent trial, or a pardon.

The expression "pursuant to" means "in conformity with," "according to," or "in compliance with." Black's Law Dictionary (11th ed. 2019), *pursuant to*; Merriam-Webster Dictionary, *pursuant to* (online). The phrase plainly refers to a mechanism through which exoneration occurred prior to the filing of the complaint for damages. This "chapter" clearly refers to the entirety of the Act, Chapter 182 of Title 13.

Importantly, however, the *only* mechanism through which one might become "exonerated" of an underlying crime "pursuant to" the Act exists in subchapter 1—via a petition for DNA testing and a resulting change in the defendant's conviction. While there are certainly other independent vehicles through which a

defendant may become exonerated, the Act itself provides no other avenue to achieve that result.

Plainly read, Section 5572 provides a statutory limitation on the persons who can seek compensation, and its provisions are not unclear or ambiguous. To bring an action for damages under the Act, a defendant must have been exonerated pursuant to the Act.

Other provisions of the Act, which are to be read *in pari materia* with Section 5572, lend support to that view. *See State v. A.P.*, 2021 VT 90, ¶ 12, 216 Vt. 76, 81 ("We do not read statutory language in isolation; we read and construe together the whole and every part of the statute, together with other statutes standing *in pari materia* with it, as parts of a unified statutory system."). Section 5576, specifically entitled "Limitations," states that "an action for compensation under [subchapter 2] shall be commenced within three years after the person is *exonerated pursuant to subchapter 1*." 13 V.S.A. § 5576(a) (emphasis added). Additionally, after "exonerating a person *pursuant to subchapter 1*," courts are required to notify such person of the available statutory action for compensation. 13 V.S.A. § 5577(a)(1) (emphasis added). It would make little sense for the Legislature to restrict the limitations period for and notifications required by the Act solely to exonerations under subchapter 1 unless such exonerations were the gateway to the Act. Read together, Sections 5572, 5576(a), and 5577(a)(1), all make unassailably clear that to bring an action under subchapter 2, one's exoneration must have occurred by operation of subchapter 1.

Mr. Reynolds' alleged exoneration did not. His conviction was vacated by the civil division in a post-conviction relief case due to ineffective assistance of counsel. To the extent that a conviction vacated for that reason might be characterized as "exoneration," there is no indication that it had anything whatsoever to do with DNA testing, much less a post-conviction petition for DNA testing under the Act. As a result, he can have no viable claim for damages under the Act, regardless of whether he filed a complaint otherwise conforming to 13 V.S.A. § 5573(a). He is not within the statutory class of authorized claimants.

In opposing the State's motion, Mr. Reynolds does not claim that any part of the Act is unclear or ambiguous; offers no competing interpretation of Sections 5572, 5576(a), and 5577(a)(1); and makes no arguments concerning the Act's legislative history. The State's motion is granted based on the plain language of the Act, without need of any additional analysis. *See H.H.*, 2020 VT 107, ¶ 18, 214 Vt. at 10.[1]

---

[1] Since Mr. Reynolds does not attempt to argue that the legislative history of the Act might suggest a different outcome in this case, the Court has no need to address that question. As the State has discussed it, however, the Court notes that some portions of the history are potentially supportive of a more expansive view of the Act. But, in the end, the plain language of the existing Act controls. *Doncaster v. Hane*, 2020 VT 22, ¶ 22, 212 Vt. 37 (Where "statutory language is unambiguous and resolves the conflict without doing violence to the legislative scheme, we accept the plain meaning as the intent of the Legislature without looking further." (internal quotations omitted)). Any past amendments simply have not amounted to a clear and an express broadening of the class of claimants under the Act. And, the Court agrees with the State that, in addition to the language of the Act being unambiguous in that regard, any legislative waiver of the State's sovereign immunity would have to be explicitly stated in the statutory text to be effective. *Depot Square Pizzeria, LLC v. Dep't of Taxes*, 2017 VT 29, ¶ 9, 204 Vt. 536, 541 (waiver of sovereign immunity must be express); *see also F.A.A. v. Cooper,* 566 U.S.

<u>Conclusion</u>

For the foregoing reasons, the State's motion for judgment on the pleadings is granted.

Electronically signed on Thursday, January 18, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge

---

284, 290 (2012) ("Legislative history cannot supply a waiver that is not clearly evident from the language of the statute."); *Manatee Cnty. v. Town of Longboat Key*, 365 So.2d 143, 147 (Fla. 1978) (waiver of sovereign immunity must be "clear and unequivocal"). Other than as to claims arising out of subchapter 1, no such waiver can be found in the Act.