Filed 04/15/24

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-01724

| Anij Strout v. Jay Orost |
|---|

## ENTRY REGARDING MOTION

Title:        Motion for Sanctions  (Motion: 39)
Filer:        Jay Orost
Filed Date:   March 25, 2024

The motion is DENIED.

Defendant Orost seeks sanctions following the dismissal of the present action. Orost cites to fees and costs that he has accrued over the years in defending himself in this and related matters. Orost also expresses frustration at the failure of this case to progress in any meaningful way over the past three years.

While the Court will not comment on the frustration and anger in Orost's motion, it does look to the question of whether the costs of litigation may be shifted following a dismissal. Under what is known as the American Rule, each party bears their own costs in civil litigation. *In re gadhue*, 149 Vt. 322, 327 (1987) (noting that the American Rule sharply limits a court's discretion to award litigation fees). There are limited exceptions to this rule, specifically, when parties have agreed through contract to shift costs or when allowed by statute. *Southwick v. City of Rutland*, 2011 VT 105, ¶¶ 5–7. Neither of these circumstances are present in this matter.

There is a third and very limited exception where one side can establish that another party has acted in "bad faith." *Depot Square Pizzeria, LLC v. Department of Taxes*, 2017 VT 29, ¶ 7. This is a "demanding" standard. Id. It involves cases where a party has to litigate to "secure a clearly defined and established right, which should have been freely enjoyed without such intervention . . . ." *Inr Gadhue*, 149 Vt. at 328 (quoting *Harkeem v. Adams*, 377 A.2d 617, 690–91 (NH 1977)).

In this case, Strout's claims arose from the incidents that formed the basis of a criminal conviction against Orost. While Orost has strongly denied these incidents and has maintained his

innocence throughout this litigation, the claims, in and of themselves, arose from some basis in fact and law that was supported by at least one set of criminal convictions. The result of this litigation is that Strout has decided not to pursue her claims, and the matter has been dismissed. This is not a vindication of Orost's position or innocence. The case simply never progressed that far. Moreover, the type of bad faith that Orost cites in his motion is not the type of bad faith that triggers an exception to the American Rule. See *Depot Square Pizzeria, LLC*, 2017 VT 29, at ¶ 13 (discussing different types of bad faith).

In this case, Orost has levied two general allegations: first that Strout was motivated by an improper purpose, namely self-enrichment, in pursuing her claims; and (2) that her attorney kept this case open longer than it should have been kept open, effectively prolonging Orost's inevitable vindication. As noted above, the end of this case is not a vindication or even an inevitable result. It is voluntary dismissal based on Plaintiff's reluctance to continue, which given the nature of the claims and issues may have a variety of reasons. But whether Strout's purpose in starting the litigation was good, bad, or otherwise, does not give rise to a bad faith claim. Parties may choose to assert claims for a variety of purposes, but the test is whether such claims are legitimate and based in some fact or legal principle that is sound. Id. at ¶¶ 13–17 (noting that bad faith does not arise out of ambiguity or pressing of questionable claims for self-enrichment but out of "vexatiously, wantonly, or for oppressive reasons, where the litigant's conduct can be characterized as unreasonably obdurate or obstinate") (quoting *Harkeem*, 377 A.2d at 619).

## ORDER

Based on the foregoing, the Court finds that Orost cannot establish a right to either fees or sanctions consistent with the exceptionally high standard for overcoming the American Rule.[1] Defendant's Motion for Sanctions and Fees is **Denied** as a matter of both fact and law.

Electronically signed on 4/12/2024 2:02 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

---

[1] Courts has tended to grant bad faith exceptions to the American Rule where a party ignores a prior ruling and seeks to continue litigation in the face of clear court decisions to the contrary. *In re Gadue*, 149 Vt. at 328–29.