16-490-cv
*Norton v. Town of Islip et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of February, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            GERARD E. LYNCH,
                    *Circuit Judges.*

---

HOWARD J. NORTON,

                    *Plaintiff-Appellant,*                    16-490-cv

            v.

TOWN OF ISLIP, COUNTY OF SUFFOLK, ALICIA S. O'CONNOR, ERIN A. SIDARAS, PATRICIA A. WAITE, MICHAEL P. WALSH, DANIEL C. ECKERT, JASON MISTRETTA, all individually and in their official capacity,

                    *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          RICK OSTROVE, Leeds Brown Law, P.C., Carle Place, NY.

**FOR TOWN DEFENDANTS-APPELLEES:**    ROBERT CALICA, (Edward M. Ross and Judah Serfaty *on the brief*), Rosenberg Calica & Birney LLP, Garden City, NY.

1

**FOR DEFENDANT-APPELLEE COUNTY OF SUFFOLK:**

> Brian C. Mitchell, Assistant County Attorney, Suffolk County Department of Law, Hauppauge, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court are **AFFIRMED**.

Plaintiff-Appellant Howard J. Norton appeals from two orders of the District Court entered in his action brought under 42 U.S.C. § 1983, the Declaratory Judgment Act, and state law. Specifically, Norton contends that the District Court erred in granting judgment on the pleadings under Federal Rule of Civil Procedure 12(c) in favor of defendants-appellees the Town of Islip (the "Town") and five Town employees[1] and in granting defendant-appellee the County of Suffolk's (the "County") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Norton also asserts that the District Court erred in denying his motion to reconsider its dismissal of his action. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review *de novo* the District Court's grant of relief under Rules 12(c) and 12(b)(6), "accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012); *see Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006) (explaining that "[t]he standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim"). A plaintiff will survive a Rule 12(c) or 12(b)(6) motion if his complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (internal quotation marks and citation omitted). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). We review the denial of a motion for reconsideration for abuse of discretion. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).

---

[1] Because Norton voluntarily dismissed his claims against Town employee Patricia Waite, the District Court granted the Rule 12(c) motion in favor of the five remaining Town employees: Alicia S. O'Connor, Erin A. Sidaras, Michael P. Walsh, Daniel C. Eckert, and Jason Mistretta.

## 1.  Norton's Claims Against the Town Employees

Norton brought claims against Town employees O'Connor, Sidaras, Walsh, Eckert, and Mistretta for First Amendment retaliation[2] and malicious prosecution stemming from the filing of multiple sets of accusatory instruments against Norton for alleged violations of Town regulations. The District Court dismissed the claims against Town Attorney O'Connor, Deputy Town Attorney Sidaras, and Assistant Town Attorney Walsh on the basis of absolute immunity. *Norton v. Town of Islip*, 97 F. Supp. 3d 241, 254–56, 261–62 (E.D.N.Y. 2015) (holding that O'Connor and Walsh were entitled to absolute immunity from malicious prosecution claim and that Walsh and Sidaras were entitled to absolute immunity from First Amendment retaliation claim); *Norton v. Town of Islip*, No. 12 CV 4463 (PKC), 2016 WL 264930, at *3 (E.D.N.Y. Jan. 21, 2016) (holding, in order denying reconsideration, that Sidaras was entitled to absolute immunity from malicious prosecution claim). It dismissed both claims against Eckert, who was an investigator in the Town's Division of Code Enforcement, in the alternative, on the basis of qualified immunity. *Norton*, 2016 WL 264930, at *6 (holding that "it was not manifestly unreasonable for [Eckert] to charge [Norton]" (alterations added, internal quotation marks omitted)). And, it dismissed the claims against Mistretta, a senior investigator in the Town's Division of Code Enforcement, on the ground that Norton failed to plausibly allege Mistretta's personal involvement in the filing of the accusatory instruments against Norton. *Norton*, 97 F. Supp. 3d at 256–57 (addressing First Amendment retaliation claim); *Norton*, 2016 WL 264930, at *3 (addressing malicious prosecution claim).

On appeal, Norton does not contest the District Court's decision affording O'Connor, Sidaras, Walsh, and Eckert immunity from suit. Nor does Norton challenge the District Court's holding that he failed to plausibly allege Mistretta's personal involvement in the allegedly unconstitutional conduct.[3] Norton, therefore, fails to articulate any basis for reviewing the District Court's dismissal of his claims against the individual defendants.

---

[2] Norton did not allege a First Amendment retaliation claim against O'Connor.

[3] Norton's reply brief on appeal states that "the Complaint and moving brief discuss Mistretta's personal involvement for *Monell* liability." Appellant's Reply Br. 2. Even if we construe Norton's argument as challenging the District Court's holding that there was no factual basis for concluding that Mistretta was *individually* liable, our independent review of Norton's Second Amended Complaint confirms that Norton failed to plausibly allege Mistretta's personal involvement in the investigation of Norton or the filing of accusatory instruments against Norton. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

## 2.  Norton's Claims Against the Town and County

Norton asserted municipal liability claims against the Town for due process violations, Fourth Amendment violations, and malicious prosecution. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). And, he asserted a municipal liability claim against the County for malicious prosecution.[4] *See id.* The District Court dismissed each of Norton's municipal liability claims. Unlike his claims against the individual defendants, Norton challenges the District Court's dismissal of his *Monell* claims. We address each claim in turn.

### a.  Procedural Due Process Claim

Norton alleged that the Town violated his right to procedural due process by prosecuting him based on facially inadequate accusatory instruments. The District Court dismissed Norton's claim on the ground that he failed to allege the deprivation of a protected liberty interest. We agree.

In reviewing Norton's procedural due process claim, "we must determine (1) whether [Norton] possessed a liberty or property interest and, if so, (2) what process he was due before he could be deprived of that interest." *Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002) (alterations added). Norton asserts that he was deprived of a liberty interest established by state law. Namely, Norton claims that New York's Criminal Procedure Law prohibits the use of accusatory instruments that are based on hearsay allegations. *See* N.Y. Crim. Proc. Law § 100.15(3) ("[I]n order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant's commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions."). While state law may, under certain circumstances, establish a liberty interest protected by the Fourteenth Amendment's Due Process Clause, "[a]mple precedent establishes that a state rule of criminal procedure . . . does not create a liberty interest that is entitled to protection under the federal Constitution." *Watson v. City of N.Y.*, 92 F.3d 31, 37–38 (2d Cir. 1996). Because Norton failed to allege a protected liberty interest, the District Court properly dismissed his due process claim.

### b.  Fourth Amendment Claim

Norton also alleged that the Town is liable for a violation of his Fourth Amendment rights because Town employee Eckert allegedly trespassed on Norton's property when conducting an

---

[4] In his reply brief on appeal, Norton claims that the District Court "acknowledged that the Complaint asserted Section 1983 First Amendment relation claims against the Town and County." Appellant Reply Br. 1. That is incorrect. Not only did the District Court not acknowledge that Norton brought First Amendment retaliation claims against the Town and County, but Norton's Complaint clearly asserts a First Amendment retaliation claim *only* against individual defendants Sidaras, Walsh, Eckert, Mistretta.

investigative search. The District Court initially dismissed Norton's claim on the ground that he alleged only a single incident of trespass, which is insufficient to establish a municipal policy or custom. On reconsideration, the District Court recognized that Norton's Complaint plausibly alleged a second trespass but nevertheless held that Norton failed to allege other facts tending to support the existence of a Town policy or custom of ordering its employees to trespass on private property. It also held that Norton failed to allege that Deputy Town Attorney Sidaras was a "final policymaker" with respect to Eckert's investigative search. We agree that Norton failed to state a plausible *Monell* claim based on a Fourth Amendment violation.

A municipality can be liable for a constitutional violation under the Supreme Court's decision in *Monell* in several ways. Two of those bases are relevant here. First, a plaintiff can establish that "the violation of his constitutional right resulted from a municipal custom or policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks omitted). Second, a plaintiff can establish that his constitutional right was violated because of a single decision by a municipal official who is "responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Assuming *arguendo* that a Fourth Amendment violation occurred, Norton failed to allege any plausible basis for municipal liability. Norton did not set forth sufficient factual content capable of establishing the existence of any Town "custom or policy" of facilitating trespass. Norton failed to plausibly allege that Town Attorney O'Connor, whom Norton explains is "chief policy maker of the Town Attorney's Office," Appellant Br. 55, was involved in directing Eckert's investigation. And Norton failed to plausibly allege that Deputy Town Attorney Sidaras had final policymaking authority over Town inspections of private property. For those reasons, the District Court was correct to dismiss Norton's Fourth Amendment claim against the Town.

c.  Malicious Prosecution Claim

Norton brought a claim against the Town and County alleging that they were liable for malicious prosecution. The District Court dismissed those *Monell* claims on the ground that Norton had failed to allege an underlying act of malicious prosecution. For purposes of our review, we need not determine whether Norton plausibly alleged an underlying act of malicious prosecution, because, even if he did, he failed to allege any basis for holding the Town and County liable. *See Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (explaining that a Court is free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied (internal quotation marks omitted)).

Norton asserts the same arguments for municipal liability on his malicious prosecution claim as he did on his Fourth Amendment claim. Again, each argument fails. Norton did not plausibly allege the existence of any Town "custom or policy" of prosecuting individuals for violations of the Town code in the absence of probable cause and with malice. Norton failed to allege any facts

5

connecting Town Attorney O'Connor to the decision to prosecute Norton. And, Norton failed to allege that Deputy Town Attorney Sidaras, whom Norton claims instigated Eckert's investigation, had final policymaking authority over whether or not to bring prosecutions. Norton asserts that the Town and Deputy Town Attorney Sidaras had a vendetta against him because of prior litigation, but he fails to allege facts showing how such a vendetta influenced his investigation and prosecution. Norton also fails to articulate any independent basis for holding the County liable for malicious prosecution. Thus, Norton's *Monell* claims stemming from the purported malicious prosecution were properly dismissed.

### 3. Norton's Claims Under the Declaratory Judgment Act and State Law

Having determined that the District Court properly dismissed all of Norton's section 1983 claims, we also agree that it properly dismissed Norton's claims brought under the Declaratory Judgment Act and New York law. To the extent that Norton's requests for a declaratory judgment raise issues of federal constitutional law that are separate from the claims dismissed above, he does not allege sufficient facts to render those claims plausible. Otherwise, because the Declaratory Judgment Act "is procedural only . . . and does not create an independent cause of action," *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012), and because no other federal claims survived the pleading stage, the District Court did not have subject matter jurisdiction to hear Norton's argument for declaratory relief and it properly dismissed those claims. Similarly, in the absence of any surviving federal claims, we have observed that "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)) (internal quotation marks omitted). Seeing no reason to depart from the logic of our prior decisions, the District Court did not err by declining to exercise "pendent" or supplemental jurisdiction over Norton's remaining state law claims.

### CONCLUSION

We have considered all of the arguments raised by appellant and find them to be without merit. For the foregoing reasons, we **AFFIRM** the orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk