Vermont Superior Court
Filed 04/21/21
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 268-8-20 Wncv

---

**HARR, LLC vs. Town of Northfield, VT**

---

## ENTRY REGARDING MOTION

Title:  Motion to Amend; Motion for Attorney's Fees; Document(s) Filed MotionName to Amend Complaint
Motion#  4; MotionName  for Additional Fees/Attorney Fees
Motion#  5; Federal Motion for Judgment on the Pleadings, Opposition, and Reply (Motion: 4; 5; )
Filer:  David R. Bookchin; Michael J. Leddy
Filed Date:  January 07, 2021; January 25, 2021; April 13, 2021

The motions are DENIED.

*HARR v. Town of Northfield*, No. 268-8-20 Wncv

HARR's Motion to Reconsider

The Town's Motion for Costs and Attorney Fees

HARR's Second Rule 11 Motion

Plaintiff HARR LLC owns and operates a mobile home park in the Town of Northfield.  The Town owns and operates the Northfield Electric Department, which provides electricity to residents of the park, who rent lot-space from HARR, which does not own their mobile homes.  According to the complaint, when a tenant of the park becomes delinquent on their electricity bill, the Town eventually secures the deficiency by placing a lien on the real property of the park, owned by HARR, even though HARR otherwise has no contract or agreement with the Town to secure tenants' accounts with the electric department and the tenants do not own the property subject to the liens.

HARR initiated this case seeking a declaration that any such liens are "unenforceable" as is the charter provision upon which the Town evidently relies as authority for this practice without asserting any reasons why that may be so.  The Town sought dismissal, arguing, among other things, that this

subject matter already has been resolved by a final judgment of the Vermont District Court (claim preclusion). In its December 30, 2020 decision, this court agreed, and final judgment was entered in the Town's favor on January 11, 2021.

After the court's December 30 decision but prior to the January 11 entry of final judgment, HARR filed a motion to amend the complaint, clarifying its claim in this case. On February 8, 2021, it then filed a "motion to reconsider" the December 30 decision and January 11 judgment. Meanwhile, the Town filed a motion for costs and attorney fees and then a "corrected" such motion ostensibly in response to HARR's threat to file a Rule 11 motion. In fact, following the corrected filing, HARR filed what it characterizes as its "second" Rule 11 motion. The court then granted HARR's motion to amend on April 5, 2021.

HARR's motion to reconsider was filed post-judgment. The court thus treats it as a Rule 59(e) motion seeking to vacate the December 30 decision and January 11 judgment and proceed on the basis of the amended complaint. The court considers that motion now, as well as the Town's requests for costs and fees (for bad faith litigation) and HARR's Rule 11 motion, which takes umbrage at the Town's rhetoric in seeking fees.

*The Rule 59 issue*

HARR argues that the court may have misunderstood its claim in this case and thus misunderstood the federal decision and whether it properly precludes this case. HARR's amended complaint thus *clarifies* the complaint in this case.

HARR's amended complaint clearly seeks a declaratory judgment interpreting the charter provision ostensibly authorizing the Town's imposition of liens on HARR-owned real property despite the lack of any direct legal relationship between HARR and the Town vis-à-vis the debts the liens secure. HARR's complaint was less clear. It simply sought a declaration as to the parties' "rights and obligations" in relation to the underlying debts and a ruling that the liens are unenforceable, all without any substantive explanation as to why. The "why" is finally answered in the amended complaint—because the charter provision is not properly interpreted to permit liens against real property when the power was provided to a mobile home owner who does not own the real property on which the home sits.

The claim for declaratory relief in the federal complaint was as obliquely pleaded. The federal complaint sets out 4 claims, declaratory relief being the first. All the complaint says about a declaration is this: "Pursuant to 28 U.S.C. § 2201(a) and Fed.R.Civ.P. 57, HARR seeks a declaratory judgment that the liens created by the Town Charter and asserted against the Park by the Town are unenforceable and

unconstitutional." There is no allegation explaining why. The complaint then goes on to claim a federal equal protection violation, a federal due process violation, and a Vermont inverse condemnation claim. Thus, the declaratory count appears to have no substance beyond the claims that follow it.

That appears to be how the Town initially interpreted it as well. It filed a motion for judgment on the pleadings in which it spends the first 10 1/2 pages discussing the legal framework giving rise to the liens without appearing to recognize that the basic interpretation of the charter provision was at issue and without mentioning the declaratory count all. It then goes on to argue the three constitutional claims before returning to the declaratory count. It then argues that this count should be dismissed because it is not an independent claim (i.e., it has no substance but for the constitutional claims). Quite confusingly, however, it then cited without analysis an unpublished Second Circuit decision of marginal relevance for this proposition: "'[B]ecause the Declaratory Judgment Act is procedural only . . . and does not create an independent cause of action,' when 'no other federal claims survive[] the pleading stage, the District Court d[oes] not have subject matter jurisdiction' over a cause of action for declaratory judgment, which must be dismissed along with the other claims." *Norton v. Town of Islip*, 678 Fed. Appx. 17, 22 (2d Cir. 2017).

The principle that the Town attributed to *Norton* is misleading insofar as it appears, at first blush anyway, to say that a federal court loses subject matter jurisdiction over a claim for declaratory relief once other federal claims are disposed of, which in turn might mean that a court in that situation could not rule on a state law declaratory count, which would thereby be preserved for further litigation in state court. None of that is what was going on in *Norton*. In *Norton*, the district court (1) dismissed all the substantive federal claims at the pleading stage, (2) dismissed a declaratory relief claim, and then (3) declined to exercise supplemental jurisdiction over remaining state law claims. *Id*. On review, the appeals court affirmed the dismissal of the substantive federal claims. It affirmed the dismissal of the declaratory count because it was either subsumed by the substantive federal claims or simply failed to state a claim. *Id*. ("To the extent that Norton's requests for a declaratory judgment raise issues of federal constitutional law that are separate from the claims dismissed above, he does not allege sufficient facts to render those claims plausible."). The Court also noted, as the Town did in its motion, that a declaratory judgment is not its own independent legal claim—it is relief that must be attached to a justiciable controversy. There was no state law declaratory claim. Regardless, after disposing of the declaratory count, the Court affirmed dismissal of the state law claims as an appropriate exercise of discretion to *not* assert supplemental jurisdiction.

The Town's confusing citation to *Norton*, however, does not imply to the court that it actually misunderstood anything. It concluded its argument by saying this: "Thus, if this Court grants judgment on the pleadings on Counts II-IV, Count I must suffer the same fate." In support, it cited *Associated Electric & Gas Insurance Services, Ltd. v. Electric Power Systems*, Inc., 2014 WL 12717669, *7 (D. Vt. 2014). On page 7 of *Associated Electric*, the court describes in detail that the plaintiff had several claims for damages based on past acts and that its request for declaratory relief would be dismissed because

"there is no prospective guidance sought and no future harm to be avoided. A declaratory judgment serves no purpose in determining the parties' rights and responsibilities arising out of past acts." *Id*. In other words, the claim for declaratory relief had no substance so it could not persist as an independent claim. The Town's argument was consistent with the complaint and the Town's apparent interpretation of the complaint—the declaratory count had no substance.

The Town's motion for judgment on the pleadings cannot reasonably be interpreted to mean that it anticipated that the federal court would rule on two federal constitutional claims and one Vermont constitutional claim, all three of which are predicated on the charter provision authorizing the liens that the Town recorded, and then inexplicably refuse to rule on whether the charter provision actually authorized the liens in the first place. It is far more likely that at the time it filed its motion, the Town simply and reasonably did not understand that HARR was seeking a declaration that the charter provision should be interpreted to not apply in its circumstances.

In opposition to the Town's motion for judgment on the pleadings, HARR argued at length the constitutional claims. It is only at the very end of its memorandum that it briefly announces its contrary interpretation of the charter provision and first connects that to declaratory relief in the final sentence: "HARR has pleaded a plausible claim for a declaratory judgment that the statute does not apply to the owners of mobile home parks." This was the first time in the materials in the record of this case that HARR had ever asserted that.

In its reply, the Town then squarely addresses the now-disputed interpretation of the charter provision at length.

In its decision, the federal court does not appear to interpret HARR's declaratory count as arising out of a disputed interpretation of the charter provision. This is likely because the parties' arguments on all three constitutional claims, which appear to have been HARR's core claims, make no sense unless they are predicated on an interpretation of the charter provision that permits the Town to have recorded the disputed liens. This is unavoidably so. With regard to equal protection, the court was expressly addressing the classification, as HARR urged, represented by the statute, which had to be understood to permit liens against mobile home park owners for the claim to make any sense. In the course of analyzing the due process claim, the court specifically said, "Dismissal is warranted for the further reason that Plaintiff fails to plausibly plead that Defendant's placement of liens on Plaintiff's property is not rationally related to a legitimate governmental purpose. The Town Charter's Lien Provision ensures that Defendant is able to collect money owed for electricity furnished to a property by its utility." *HARR v. Town of Northfield*, 423 F.Supp.3d 54, 66 (D. Vt. Nov. 1, 2019). In context, it could only do that by permitting the liens against HARR, a mobile home park owner. Obviously, throughout the decision, the court had implicitly interpreted the charter provision to permit the Town to have done what it did. The court appears to have not recognized that the interpretation of the charter provision—

the preliminary issue on which all other claims relied—itself was disputed, and it did not more expressly "interpret" the provision.

The court addressed the claim for declaratory relief at the end of the decision only. Its entire analysis is as follows:

> In Count I, Plaintiff seeks "a declaratory judgment that the liens created by the Town Charter and asserted against the Park by the Town are unenforceable and unconstitutional" pursuant to 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57. Defendant argues that because the Declaratory Judgment Act does not create an independent cause of action, Count I must be dismissed in the event the court grants judgment on the pleadings with regard to Plaintiff's other claims. The court agrees.
>
> "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The United States Supreme Court "has held that the operation of the Declaratory Judgment Act is procedural only[,]" and "does not extend the jurisdiction of the federal courts[.]" As a result, the Declaratory Judgment Act "does not create an independent cause of action."
>
> Because the court has granted judgment on the pleadings in favor of Defendant on Plaintiff's substantive claims, Plaintiff's request for declaratory relief in Count I must be DISMISSED.

*Id*. at 66–67 (citations omitted). In other words, the only substance of the declaratory count was by reference to the constitutional claims, both state and federal. Once the constitutional claims were dismissed, there was nothing left of the declaratory count, which was also dismissed. The court obviously exercised supplemental jurisdiction over the state constitutional claim and it said *nothing* about declining to exercise it over any claim, much less over the declaratory count because it raised a state law matter. It simply concluded that there was nothing left to do—the case had been fully resolved.

In the course of that analysis, however, the court did cite to *Norton* for the proposition, in a parenthetical, that "because no other federal claims survived the pleading stage, the District Court did not have subject matter jurisdiction to hear [plaintiff's] argument for declaratory relief"). In the context of this case, that parenthetical again is confusing. However, as explained above, the *Norton* declaratory

count only had relevance in relation to the federal claims and otherwise had no substance.  It was not a state law declaratory count that somehow the federal court lost jurisdiction over by ruling on the federal claims.  There was no ruling in *Norton* to that effect.

As noted in this court's prior decision, if HARR disagreed with the federal court or thought it had left something undecided that had been fairly raised, it could have appealed but did not.  The court in fact proactively invited a motion to amend the complaint, and HARR did not file one.  Instead, HARR let 8 months go by and then filed its complaint in this case.

HARR's argument for Rule 59 relief now, and its argument that the federal court decision should not be preclusive of its claim here generally, requires the court to interpret the federal court as having considered whether to assert supplemental jurisdiction over HARR's state law declaratory claim and chosen not to, preserving it for litigation in the state court.

The court cannot do so.  HARR's federal complaint did not clearly assert a state law declaratory count seeking an interpretation of the charter provision.  All the claims analyzed in the federal court's decision were predicated on the interpretation of the provision to the effect that it in fact applied in the circumstances in which the Town recorded the liens.  The court implicitly interpreted the charter provision.  Courts generally do not determine constitutional questions unnecessarily.  *In re M.C.*, 2018 VT 139, ¶ 9, 209 Vt. 219.  If the federal court thought that the statute did not permit the liens in the first place, and that HARR had raised that issue, the court presumably would have been inclined to rule on that issue to avoid the constitutional issues.  The federal court did not exercise supplemental jurisdiction over HARR's state law constitutional claim and then deny supplemental jurisdiction over a state law declaratory claim.  It appears instead to have exercised supplemental jurisdiction over all the state law claims that it perceived.  The federal case is preclusive of this one as the court explained in its December 30, 2020 decision.[1]

Rule 59 relief is denied.

*Costs, attorney fees, and Rule 11*

The Town's motion for costs and fees and HARR's Rule 11 motion are denied.  The court has discretion over the award of costs.  See *Peterson v. Chichester*, 157 Vt. 548, 553 (1991).  It can award attorney fees when, in equity, a party deserves them in response to bad faith litigation conduct.  See

---

[1] This is the extent of the court's ruling.  It takes no position on how the federal decision or this one might apply in a future case, whether arising out of future liens, their enforcement, or other aspects of the parties' relationship.

*Depot Square Pizzeria, LLC v. Dept. of Taxes*, 2017 VT 29, ¶ 7, 204 Vt. 536. And it *may* sanction attorneys for consequential violations of Rule 11(b). V.R.C.P. 11(c).

In this case, counsel for *both* parties have at times bickered and been unnecessarily hyperbolic, not always reflecting a tone helpful for the court to penetrate the issues. *N. Sec. Ins. Co. v. Mitec Elecs., Ltd.*, 2008 VT 96, ¶ 16 n.3, 184 Vt. 303. "A lawyer is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice. . . . A lawyer should demonstrate respect for the legal system and those who serve it, including judges, other lawyers and public officials." *Id.* (quoting Preamble: A Lawyer's Responsibilities, Vermont Rules of Professional Conduct). (The court does not find HARR's pleadings have been beyond those of a zealous advocate despite that the court has denied it relief.)

In these circumstances, the court declines to award costs and fees to the Town or any Rule 11 sanctions in favor of HARR.

*Order*

For the foregoing reasons, HARR's Motion to Reconsider is denied; the Town's Motion for Costs and Attorney Fees is denied; and HARR's Second Rule 11 Motion is denied.

Robert R. Bent,
Judge